# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR0032 RWS/TCM |
| ) | |
| ROBERT ALLEN TURNER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending in this case are two procedural motions, in addition to various substantive motions. First is the motion of Defendant Robert Allen Turner's former counsel for an extension of time to file pretrial motions up to and including April 3, 2009. [Doc. 226] On April 3, counsel filed, and was granted, a second motion for extension of time, requesting up to and including April 6, 2009, by which to file pretrial motions. On April 6, counsel filed a motion for bill of particulars; a motion to compel disclosure of information; two motions to dismiss indictment; a motion to suppress physical evidence – November 18, 1994; a motion to suppress statements – November 18, 1994; a motion to suppress physical evidence – August 26, 2005; and a motion to suppress statements – August 26, 2005. [Docs. 255-262]

Second is the motion of Defendant's current counsel to incorporate the pretrial motions docketed as numbers 255-262, inclusive. [Doc. 324]

Also pending is a pro se pleading filed by Defendant titled "Motion of Counterclaim." The motion to incorporate also seeks to incorporate this pro se motion and "all motions and notices filed" pro se.

The motions docketed as numbers 255 to 262 remain pending and will be until ruled or withdrawn. Thus, Defendant's motion to incorporate these eight motions is unnecessary, but will be granted regardless.

The pending pro se motion cites Rule 15(b), without qualifying whether it is a Rule of Criminal Procedure or of Civil Procedure. Rule 15(b) of the Federal Rules of Criminal Procedure governs notice of depositions in criminal cases. The motion will be denied.

Defendant's counsel's request to incorporate any pro se motions and notices filed by his client will also be denied. Defendant has been continuously and vigorously represented by counsel since the day before his arraignment. His attempts to supplement that representation by pro se motions will not be entertained. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." **United States v. Agofsky**, 20 F.3d 866, 872 (8th Cir.1994). Thus, the court need not "entertain pro se motions filed by a represented party." **Abdullah v. United States**, 240 F.3d 683, 686 (8th Cir. 2001); accord **Agofsky**, 20 F.3d at 872.

As set forth above,

**IT IS HEREBY ORDERED** that the first motion for an extension of time to file pretrial motions is **DENIED** as moot. [Doc. 226]

**IT IS FURTHER ORDERED** that the motion for leave to incorporate all pre-trial motions filed by Defendant's previous counsel is **GRANTED** as to the motions docketed as

numbers 255 to 262, inclusive, and is **DENIED** as to "all motions and notices filed" pro se. [Doc. 324]

**IT IS FINALLY ORDERED** that the pro se motion for counterclaim is **DENIED**. [Doc. 189]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  21st  day of July, 2009.